IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CODY JOSEPH VERNON FLESCH, | CV 23-150-BLG-DWM |
| Plaintiff, | |
| vs. | ORDER |
| BETHANY RICHTER, MORGAN K. LIX, HOJAE CHUNG, | |
| Defendants. | |

Plaintiff Cody Jospeh Vernon Flesch ("Flesch") filed a Complaint generally alleging the Defendants violated his civil rights in conjunction with his criminal proceedings in Yellowstone County. (Doc. 2 at 4; Doc. 2-1.) Flesch was previously granted leave to proceed in forma pauperis. (Doc. 4.)

As explained below, because Flesch fails to state a claim for relief and seeks relief from Defendants who are immune, his Complaint is dismissed.

I.     **Screening Analysis**

Because Flesch is a prisoner proceeding in forma pauperis, the Court must review his Complaint. *See* 28 U.S.C. §§ 1915, 1915A. These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner

1

against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b), 1915(e)(2)(B).

## II.   Flesch's Allegations

Morgan K. Lix ("Lix") and Hojae Chung ("Chung"), at all times pertinent to this action, were Deputy County Attorneys for Yellowstone County. (Doc. 2 at 4; Doc. 2-1 at 1.) Bethany Richter ("Richter") was a detective with the Yellowstone County Sheriff's Department. (*Id.*) Flesch alleges that Lix and Chung, in an effort to dissuade him from going to trial, initiated a series of bad faith prosecutions with the intention of securing a conviction against him in any manner possible. (*Id.* at 2, 6.) Flesch states Richter presented false, fictitious, and embellished evidence to Lix and Chung, which aided in their bad faith prosecutions. (*Id.* at 1.)

In support of this contention, Flesch points to a series of charges levied against him. The first was a felony theft case, *State v. Flesch*, Cause No. DC 21-800, in which he was accused of stealing a truck. Flesch claims he was not near the vicinity from which the vehicle was stolen and that the value of the vehicle did not rise to a felony amount. (*Id.* at 2.) He believes this charge was used as leverage against him; it was ultimately dismissed by Chung on March 1, 2023. (*Id.*)

2

Lix then filed a Bail Jumping charge against Flesch in *State v. Flesch*, Cause No. DC 21-840. He believes this was also done in order to obtain a Persistent Felony Offender charge against him which could then be used during plea bargaining proceedings. This matter was dismissed on March 2, 2023. (*Id.*)

Lix also charged Flesch with Attempted Escape and Criminal Mischief in *State v. Flesch*, Cause No. DC 21-1288. Flesch seems to believe he was singled out relative to these charges, because his cell mate, Marlin Lightfoot, was not charged or prosecuted. (*Id.* at 3.) Flesch believes Lix targeted him in an attempt to gain leverage and a high bond, demonstrating an abuse of the judicial process and bad faith prosecution. (*Id.* at 3-4.) Flesch notes this case was dismissed on March 1, 2023. (*Id.* at 3.)

Flesch alleges Lix filed Aggravated Kidnapping, Robbery, Theft, Assault, and Tampering charges against him in bad faith in *State v. Flesch*, Cause No. DC 21-1289. Flesch believes inconsistent statements provided by witnesses support his claim of bad faith. (*Id.* at 3-4.) Flesch states that once Lix was no longer involved in the case, Chung assumed prosecution. Chung continued to act in a similarly malicious manner, attempting to gain undue leverage, high bond amounts, and improper benefits during the plea-bargaining process. (*Id.* at 4.) This case also was dismissed on March 1, 2023. (*Id.*)

Flesch alleges that Lix's actions resulted in Powell County improperly

3

holding on to an order of detention, which apparently resulted in his incarceration in that district, in *State v. Flesch*, Cause No. DC 11-68. (*Id.*)

Flesch asserts that by pursuing charges that lacked merit, Defendants were able to repeatedly obtain excessively high bond amounts which Flesch had no ability to post. (*Id.*) Flesch believes the actions of Lix and Chung compromised his attorney's ability to provide effective assistance, and that they exploited the overloaded state public defender system with the charges they filed. (*Id.* at 5.) Flesch argues that the actions of Defendants constituted harassment against not only himself, but also against his attorney, Craig Buehler, and his wife, Latosha Farmer. (*Id.*)

Flesch asks this Court to: issue a declaratory judgment condemning the purportedly malicious acts of Defendants; award $15,000 in compensatory damages; and award $5,000 in punitive damages against each Defendant, as well as provide any additional relief this Court deems proper. (Doc. 2 at 5.)

### III. Analysis

As a preliminary matter, while several charges against Flesch were dismissed, he omits that he was convicted of Attempted Escape in Cause No. DC 21-0856, on July 6, 2022.[1] Flesch received an 84-month commitment to Montana

---

[1] *See* Correctional Offender Network: https://app.mt.gov/conweb/Offender/3004653/ (accessed May 23, 2024).

State Prison for this offense. Subsequently, a prior Powell County Aggravated Assault sentence handed down in DC 11-68 was revoked.[2] There, Flesch received a 120-month sentence.

The Court has reviewed the orders of dismissal in the state matters referenced in Flesch's Complaint. *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011) (proceedings, orders, and filings in other courts, including state courts, are the proper subject of judicial notice when directly related to the case at issue). Each was dismissed "in the interest of justice."[3] Given the amount of time that Flesch had been sentenced to serve in the Yellowstone County and Powell County matters, it does not appear unreasonable for the outstanding matters to have been dismissed. As explained herein, there are two other major issues with Flesch's complaint

   i.  **Prosecutorial Immunity**

First, Flesch fails to state a claim against either Lix or Chung, as both are entitled to absolute immunity. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting

---

[2] *Id.*
[3] A copy of each dismissal motion and order will be attached as exhibits to this Order.

5

*Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F. 3d 1023, 1028–29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F. 3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430-31.

This immunity extends to any actions Lix or Chung took relative to Flesch's bail. Courts uniformly hold that a prosecutor's request that the court "impose high bail or no bail without just cause" is a function intimately associated with the criminal process and is therefore protected by the doctrine of absolute prosecutorial immunity. *Ismail v. Cnty. of Orange*, 917 F. Supp. 2d at 1060, 1068, *aff'd sub nom. Ismail v. Cnty. of Orange*, 676 F. App'x 690, 691 (9th Cir. 2017) ("requesting a defendant be remanded into custody, adding or dropping charges, requesting high bail . . . are prosecutorial decisions intimately associated with the judicial phase of the criminal process" and thus are protected by absolute prosecutorial immunity); *see also Burns v. Cnty. of King*, 883 F.2d 819, 823-24 (9th Cir. 1989) (prosecutor who allegedly used perjured testimony in bail revocation hearing was protected by absolute immunity).

The actions Lix or Chung may have taken in relation to the prosecution or dismissal of Flesch's criminal proceedings were intimately associated with the judicial phase of the criminal process. Accordingly, Lix and Chung are entitled to

absolute prosecutorial immunity.

### ii.    Malicious Prosecution

Next, Flesch fails to adequately allege a viable malicious prosecution claim. A claim of malicious prosecution is generally not cognizable under § 1983 if a process is available within the state judicial system to provide a remedy. *Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 919 (9th Cir. 2012) (en banc). Montana law recognizes the common law tort of malicious prosecution, although such claims are "not favored by the law and the burden on the plaintiff is heavy." *Reece v. Pierce Flooring*, 634 P.2d 640, 645–46 (1981). Because Flesch had an available state remedy, his federal prosecutorial misconduct claim necessarily fails. But, as explained herein, Flesch's prosecutorial misconduct also lacks merit under both state and federal law.

"A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of his rights, privileges, or immunities secured by the Constitution and [federal] laws by a person or entity, including a municipality, acting under the color of state law. In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (internal citations and quotations omitted).

7

To state a claim for malicious prosecution under Montana law, a plaintiff bears the burden of proving: "(1) a judicial proceeding was commenced against the plaintiff; (2) the defendant was responsible for instigating, prosecuting, or continuing a judicial proceeding; (3) there was a lack of probable cause for the defendant's acts; (4) the defendant was actuated by malice; (5) the judicial proceeding terminated favorably for the plaintiff; and (6) the plaintiff suffered damage." *Hughes v. Lynch,* 164 P.3d 913, 917 (Mont. 2007).

"A malicious prosecution begins in malice, without probable cause to believe the action can succeed, and finally ends in failure." *Plouffe v. Mont. Dep't of Pub. Health & Human Servs.*, 45 P.3d 10, 14 (Mont. 2002). "Want of probable cause is an essential element of a malicious prosecution cause of action." *Reece,* 634 P.2d at 643. "One of the central issues to be determined in a malicious prosecution claim is whether the party that instigated the underlying lawsuit lacked probable cause for doing so." *Seltzer v. Morton,* 154 P.3d 561, 583 (Mont. 2007) (citing *Plouffe,* 45 P.3d at 15). In the context of malicious prosecution, probable cause means "reasonable grounds for suspicion, supported by circumstances reasonably strong in themselves to warrant a reasonably prudent and cautious person in the belief that the accused is guilty of the offense charged." *White v. State,* 305 P.3d 795, 804 (Mont. 2013) (internal alterations omitted).

Aside from his own disagreement with the charges, Flesch has not shown

8

that the criminal charges with which he takes issue, DC 21-800, DC 21-840, DC 21-1288, and DC 21-1289, were filed without probable cause. He seems to suggest that Lix and Chung were solely responsible for initiating each of these actions. Flesch overlooks the fact that prior to filing the charges in each matter, Lix or Chung were required to obtain leave of the district court by filing an Information, supported by an affidavit, that established probable cause to support the charges. Neither Lix nor Chung acted in a vacuum; the state court had to approve filing on the basis that probable cause existed to charge Flesch in each instance. A judicial determination of probable cause to hold a party answerable to criminal charges "is considered prima facie or presumptive evidence of the existence of probable cause," and a plaintiff in a malicious prosecution action can overcome this presumption only "by showing by a preponderance of the evidence that there was no probable cause for filing the original criminal action." *White*, 305 P.3d at 804 (citing *Watkins v. Spring Creek Colony*, 614 P.2d 508, 510–11 (1980)). Flesch has made no such showing aside from pointing to the fact that these charges were later dismissed. The Montana Supreme Court has noted that the fact that charges are dismissed does not automatically imply that there was no probable cause to issue the charges in the first place. *See, e.g.*, *White v. State*, 186 P.3d 877, *3 (Mont. 2008) (table). Flesch fails to meet the probable cause element of a malicious prosecution claim.

Additionally, Flesch has not shown that the prior judicial proceedings terminated in his favor. As set forth above, the Court has reviewed the orders of dismissal in each of the matters Flesch references; each was dismissed "in the interest of justice." Montana courts have recognized that criminal actions may terminate on the merits even when the termination was based on such grounds as the Speedy Trial Act or statutes of limitation. *See Plouffe*, 45 P.3d at 18 (citing *Sacco v. High Country Indep. Press*, 896 P.2d 411, 432 (Mont. 1995)) (recognizing that the failure to prosecute within a statute of limitations reflects favorably for a defendant); *Miller v. Watkins,* 653 P.2d 126, 130 (Mont. 1982) (a dismissal for lack of speedy trial reflects favorably for a defendant). The Court is not aware of a state decision addressing the precise form of dismissal at issue in the present matter but would note that other jurisdictions have determined that a dismissal "in the interest of justice" does not equate to a favorable termination and bars a plaintiff from bringing a malicious prosecution action against the prosecutor. *See Womack v. Cnty. of Amador*, 551 F. Supp. 2d 1017, 1032–33 (E.D. Cal. 2008) (dismissal of underlying criminal charges "in the interest of justice," which left some doubt about the plaintiff's "innocence or liability," did not constitute a "favorable termination" for purposes of a malicious prosecution claim); *Minasian v. Sapse*, 80 Cal.App.3d 823, 827 n. 4 (1978) (dismissal of a criminal proceeding in the interests of justice is generally not deemed a favorable termination because it is

ambiguous and "implies considerations which would favor each side"). Aside from Flesch's own assertions, he fails to establish that these dismissals demonstrate his innocence. Accordingly, Flesch fails to meet the fifth element of a malicious prosecution claim.

The analysis of Flesch's claim under state law demonstrates he was not prosecuted without probable cause. Moreover, Flesch has not established that Defendants prosecuted him in order to deny him of another constitutional right. Flesch's claim of prosecutorial misconduct must also fail under federal law. *See Awabdy*, 368 F.3d at 1066.

### iii.  Leave to Amend

Sections 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Flesch has failed to state a claim upon which relief may be granted and two of the named defendants are entitled to absolute immunity. These defects could not be cured by amendment; leave to amend would be futile. This matter is dismissed with prejudice.

### IV.   "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Flesch has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (quoting *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The dismissal of this case constitutes a strike. *See* 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

### ORDER

1. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to attach copies of the State's motion to

dismiss and the District Court's dismissal order in the state court matters DC 21-800, DC 21-840, DC 21-1288, and DC 21-1289, as exhibits to this Order.

3. The Clerk of Court is directed to have the docket reflect, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court certifies that any appeal of this decision would not be taken in good faith.

4. The Clerk of Court is directed to have the docket reflect, pursuant to 28 U.S.C. § 1915(g), that this dismissal counts as a strike because the Complaint fails to state a federal claim upon which relief may be granted.

DATED this 28th day of May, 2024.

_____
Donald W. Molloy, District Judge
United States District Court